A. MARCHAND v. J. COYLE.

Trade with the enemy during active hostilities is illegal, and parties engaged in such trade acquire no rights thereby that can be enforced in Courts of justice.

APPEAL from the Sixth District Court of New Orleans, Duplantier, J. Durant & Horner, for apellant. Buchanan & Gilmore, for appellee.

HOWELL, J. On 2d March, 1864, plaintiff (a resident of New Orleans) instituted suit in the Sixth District Court of New Orleans, against the defendant, as a resident of this city, on the following written instruments :

Marchand v. Coyle.

1.  " $732.    AT MR. WM. WELLS', NEW ORLEANS, April 14, 1863.

"I promise to pay on demand, to the order of Mr. Wells, seven hundred and thirty-two dollars, for value received.

(Signed)      JAMES COYLE.

(Endorsed)  WM. WELLS."

2.  " $50.   Due William Wells or bearer, fifty dollars on demand.

(Signed)      JAMES COYLE.

(Endorsed)  WM. WELLS."

On the 18th April, 1864, the defendant filed an answer, admitting his signatures, and averring that said instruments are void in law, having been executed at Pontchatoula, in this State, then and now in the hostile possession of the enemies of the United States, and brought contrary to law within the jurisdiction of this Court; and, therefore, the payee or his assignee, the plaintiff, has no cause of action upon the same, and cannot stand in judgment; and secondly, that said instruments have been changed since their execution, without his knowledge or consent.

Judgment was rendered, by Hon. G. Duplantier, sustaining the defence, and plaintiff appealed.

It is shown that the defendant resided in New Orleans, but left the city on the 1st October, 1862, and was absent until April, 1864, his family remaining in the city. During this absence he executed said note and due bill, at the residence of Wm. Wells, the payee, then in a district of country in insurrection against the United States ; and plaintiff obtained possession of, and brought suit on them during the war.

Whatever may have been the nature and effect of the contracts between the maker and payee, upon which it is unnecessary to express an opinion, as the latter is not before us, we think plaintiff's acquisition of the notes, under the circumstances, was in violation of the laws of Congress and proclamations of the President, prohibiting all commercial intercourse between the sections held by the respective hostile forces, and of the principles of the laws of nations, and that, therefore, he acquired no rights that he could enforce in our Courts. Wells, the payee, residing in a hostile section, could not, at the time, have maintained an action on said notes in our Courts, and he could not assign such right to plaintiff, a resident of this city.

It is therefore ordered, that the judgment appealed from be affirmed, with costs.